UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-00658-FDW-SCR

| | |
|---|---|
| ALBERT C. BURGESS JR., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MYLAN PHARMACEUTICALS, INC. ) | |
| RUGBY LABORATORIES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Mylan Pharmaceuticals, Inc.'s ("Mylan") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted and, alternatively, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e), (Doc. No. 26); and Defendant Rugby Laboratories, Inc.'s ("Rugby") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, alternatively, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e), (Doc. No. 28). These motions have been fully briefed, (Doc. Nos. 27, 28, 36, 37, 38), and are ripe for ruling. For the reasons set forth below, Defendant Mylan's Motion to Dismiss is **GRANTED**; Defendant Rugby's Motion to Dismiss is **GRANTED**; and Plaintiff's Complaint, (Doc. No. 23), is **DISMISSED WITH PREJUDICE**. Furthermore, Defendant Mylan's Motion for More Definite Statement is **DENIED AS MOOT** and Defendant Rugby's Motion for More Definite Statement is **DENIED AS MOOT**.

### I. Background

Plaintiff, who is proceeding *pro se*, initiated this action in a North Carolina state court on October 3, 2022. (Doc. No. 1-2). Defendant Mylan, with the consent of Defendant Rugby, removed the case to this Court on December 8, 2022. (Doc. No. 1). Both Defendants filed their first Motion

1

to Dismiss Plaintiff's initial Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, alternatively, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) on December 15, 2022. (Doc. Nos. 4, 5, 7). For the reasons stated in Defendants' initial motions, the Court granted the portion of the initial motions seeking a more definite statement pursuant to Fed. R. Civ. P. 12(e) and denying the portion seeking dismissal on December 22, 2022. (Doc. No. 11). In response to the Court's Order, Plaintiff filed an Amended Complaint on February 27, 2023. (Doc. No. 17). Defendants responded by filing a second Motion to Dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, alternatively, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) on March 13, 2023. (Doc. Nos. 18, 19, 20). Once again, the Court granted the portion of the second Motions seeking a more definite statement pursuant to Fed. R. Civ. P. 12(e) and denying the portion seeking dismissal on April 4, 2023. (Doc. No. 21). In response to the Court's Order, Plaintiff filed a second Amended Complaint ("Second Amended Complaint") on May 1, 2023. (Doc. No. 23). Defendants responded with another Motion to Dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and, alternatively, Motion for More Definite Statement pursuant to Fed. R. Civ. P. 12(e) on May 15, 2023. (Doc. Nos. 26, 27, 28). Plaintiff responded to the motions related to his Second Amended Complaint on July 25, 2023. (Doc. No. 36). Defendants responded to Plaintiff's response on August 1, 2023. (Doc. Nos. 37, 38).

Plaintiff's Second Amended Complaint seeks to recover monetary damages for injuries caused by products allegedly sold by Defendants. (Doc. No. 23, p. 4). At best and construing the allegations liberally, the Second Amended Complaint lists two causes of action: (1) "the Defendants [are] negligent in their buying and re-selling a produce [sic] which is not up to the standars [sic] the FDA requires for [all] medicines distributed in this country," which the Court

liberally construes to mean product liability under negligence; and (2) "[p]roduct [l]iability claims under North Carolina [l]aw," which the Court liberally construes to mean product liability under contract principles of warranty. (Doc. No. 23, pp. 3-4). To support the causes of action, Plaintiff alleges Defendants knowingly distributed subpar lidocaine patches that did not meet FDA standards and were inferior to similar products made in China. (Doc. No. 23, p. 3). Plaintiff alleges the patches were subpar because they were "paper thin," contained small amounts of medication, and were unusable. (Doc. No. 23, pp. 2-3). As a result of the subpar patches, Plaintiff alleges he suffered pain. (Doc. No. 23, pp. 2-3). The allegations supporting his two causes of action end there.

## II.     Analysis

### A. Rule 12(b)(6) Motion to Dismiss

In order to survive a 12(b)(6) motion to dismiss, a complaint must contain more than mere legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The claim is facially plausible when the factual content of the complaint allows the court to "draw the reasonable inference that the defendant is liable for the misconduct." Iqbal, 556 U.S. at 678.

Moreover, when considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor. Hall v. DIRECTV, LLC, 846 F.3d 757, 765 (4th Cir. 2017). However, a court need not accept as true any legal conclusions stated by the plaintiff. Iqbal, 556 U.S. at 678.

Furthermore, when considering a motion to dismiss involving *pro se* parties, courts should construe the pleadings liberally to ensure that valid claims do not fail merely for lack of legal

3

specificity. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); see generally Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). This liberal construction, however, need not extend to outright advocacy for the *pro se* plaintiff. Gordon, 574 F.2d at 1151.

Finally, the standards listed apply equally to cases removed from state court as they do in cases originating in federal court. Fed. R. Civ. P. 81(c).

In this case, the Court concludes Plaintiff's claims must be dismissed because the Second Amended Complaint fails to provide sufficient factual allegations to put Defendants on notice and to satisfy the federal pleading requirements to support either a claim of product liability under the tort of negligence or product liability under contract principles of warranty.

Product liability actions in North Carolina are governed by statute. See N.C. GEN. STAT. § 99B-1, et seq. A product liability action is defined as "any action brought for or on account of . . . property damage caused by or resulting from the manufacture, construction, design, formulation, development of standards, preparation, processing, assembly, testing, listing, certifying, warning, instructing, marketing, selling, advertising, packaging, or labeling of any product." Id. § 99B-1(3). "A products liability claim normally contemplates injury or damage caused by a defective product . . . and recovery is premised on either negligence or on the contract principles of warranty." Red Hill Hosiery Mill, Inc. v. MagneTek, Inc., 530 S.E.2d 321, 325–26 (N.C. Ct. App. 2000) (emphasis added; quotation omitted); see Moore v. Coachmen Indus., Inc., 499 S.E.2d 772, 777 (N.C. Ct. App. 1998); Crews v. W.A. Brown & Son, Inc., 416 S.E.2d 924, 928 (N.C. Ct. App. 1992).

*1. Product Liability Based on Negligence*

When a plaintiff asserts a product liability claim based on negligence, "the plaintiff must prove duty, breach, causation, and damages." Sparks v. Oxy-Health, LLC, 134 F. Supp. 3d 961,

4

986 (E.D.N.C. 2015) (citing Bryant v. Adams, 448 S.E.2d 832 (N.C. Ct. App. 1994)). Those elements are satisfied as to a design or manufacturing defect if the plaintiff demonstrates "(1) the product was defective at the time it left the control of the defendant, (2) the defect was the result of defendant's negligence, and (3) the defect proximately caused plaintiff damage." Red Hill Hosiery Mill, Inc. v. MagneTek, Inc., 530 S.E.2d 321, 326 (N.C. Ct. App. 2000); see also City of High Point, N. Carolina v. Suez Treatment Sols. Inc., 485 F. Supp. 3d 608, 630 (M.D.N.C. 2020).

In this case, Plaintiff has not alleged enough facts for a plausible finding of product liability under the tort of negligence since there are not enough facts in the complaint to satisfy any of the three elements listed above. Rather, in support of his negligence claim, Plaintiff alleges Defendants are negligent for distributing a faulty product that does not meet FDA standards. (Doc. No. 23, p. 4). Nothing in the Second Amended Complaint indicates a defect in the patches. Nothing in the Second Amendment Complaint identifies how the defect occurred or any negligent act by the Defendants causing the defect. Furthermore, Plaintiff still does not even allege basic facts to support an injury proximately caused by Defendants, such as when his injury occurred and how many times the injury was associated with a lidocaine patch, despite the guidance provided by this Court. (Doc. No. 21). Without these basic factual allegations, the Court cannot draw a reasonable inference that Defendants are liable for the tort of negligence.

   *2. Product Liability Based on the Contract Principles of Warranty*

When a plaintiff asserts a product liability claim based on the contract principles of warranty, the plaintiff must prove "(1) the defendant warranted the product (express or implied) to plaintiff, (2) there was a breach of that warranty in that the product was defective at the time it left the control of the defendant, and (3) the defect proximately caused plaintiff damage." Red Hill Hosiery Mill, Inc. v. MagneTek, Inc., 530 S.E.2d 321, 326 (N.C. Ct. App. 2000).

5

In this case, Plaintiff has not alleged enough facts for a plausible finding of product liability under contract principles of warranty. Other than a conclusory statement, (Doc. No. 23, p. 4), Plaintiff does not allege that the lidocaine patches were sold with any kind of warranty, who manufactured the lidocaine patch, or specific instances of injury that were caused by the defective lidocaine patches. The gravamen of Plaintiff's allegation is that the patches at issue do not work as well as other brands. Without these basic factual allegations, the Court cannot draw a reasonable inference that Defendants are liable for product liability under contract principles of warranty.

### B. Motion to Dismiss with Prejudice

Courts may dismiss claims if dismissal without prejudice would be futile. See Mayfield v. United Grocery Outlet, 2022 WL 2102018, at *4 (W.D.N.C. May 6, 2022). Here, dismissal without prejudice would be futile because Plaintiff had three opportunities to amend his Complaint to meet the minimum pleading standards and repeatedly failed to do so despite guidance from the Court. Accordingly, Plaintiff's claims pursuant to product liability are dismissed with prejudice.

### C. Rule 12(e) Motion for a More Definite Statement

Plaintiff's Rule 12(e) motion is MOOT. "[T]o survive a Rule 12(e) motion, 'a pleading must be sufficient to survive a Rule 12(b)(6) motion to dismiss.'" Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 n. 3 (4th Cir. 2005). As explained herein, Plaintiff's complaint cannot survive the Defendants' 12(b)(6) motions to dismiss. Thus, the Court denies the Rule 12(e) motions.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Defendant Mylan's Motion, (Doc. No. 26), is **GRANTED IN PART AND DENIED IN PART**; Defendant Rugby's Motion, (Doc. No. 28), is **GRANTED IN PART AND DENIED IN PART**; and Plaintiff's Complaint, (Doc. No. 23), is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk is respectfully directed to **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

Signed: September 19, 2023

Frank D. Whitney
United States District Judge